RECEIVED

MAY - 6 2010

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| JOHN ADAM BILLIOT, JR. | CIVIL ACTION NO. 09-1023 |
| VERSUS | JUDGE DOHERTY |
| KEY ENERGY SERVICES | MAGISTRATE JUDGE HANNA |

## MEMORANDUM RULING

Pending before the Court is the Motion for Summary Judgment [Doc. 20] filed by defendant Key Energy Services, Inc. ("Key Energy"). In its motion, Key Energy contends "there are no genuine issues of material fact as to whether [p]laintiff John Adams Billiot, Jr. was a Jones Act seaman at the time of his alleged injury, and thus judgment should be entered in Key Energy's favor and against Billiot." Plaintiff John Adams Billiot, Jr. ("Billiot") filed a response, wherein he asserts he was a seaman at the time of his injury and is entitled to conduct discovery on this issue before summary judgment is entered against him.

The record shows in support of its motion, Key Energy has submitted a personnel document that purports to show the plaintiff was reassigned from an offshore-based rig to a land-based rig prior to his accident and, therefore, was not a Jones Act seaman at the time of his alleged injury. However, Billiot argues he was permanently assigned to an offshore-based rig and was only temporarily working on a land-based rig at the time of his injury. Moreover, Billiot contends Key Energy has refused to respond to his discovery requests, which has hampered his ability to effectively respond to the motion for summary judgment. Indeed, the record shows there is currently pending a Motion for Protective Order [Doc. 21] before Magistrate Judge Hanna, wherein Key Energy argues "no amount of discovery" can alter the fact that Billiot was not a seaman.

The determination of seaman states is generally one of fact. *Pavone v. Mississippi Riverboat Amusement Corp.*, 52 F.3d 560, 565 (5th Cir. 1995), *citing Gremillion v. Gulf Coast Catering Co.*, 904 F.2d 290, 292 (5th Cir. 1990). However, "seaman status may be decided on summary judgment where the evidence does not support a finding, as a matter of law, that the claimant is permanently assigned to a Jones Act vessel." *Pavone*, 52 F.3d at 565 (5th Cir. 1995).

Here, the parties dispute the facts as to whether Billiot was a seaman at the time of his alleged injury, and plaintiff is at distinct disadvantage in opposing the motion *sub judice*, as Key Energy has refused to respond to his discovery requests. Therefore, this Court cannot determine, as a matter of law, that Billiot was or was not permanently assigned to a Jones Act vessel at the time of his alleged injury. The Court concludes it would be inappropriate to grant summary judgment in Key Energy's favor under such circumstances. Therefore, after consideration of the arguments of the parties, this Court concludes the instant motion for summary judgment is premature. Plaintiff is entitled to conduct discovery on the issue of whether he was a Jones Act seaman at the time of his alleged injury.[1]

In light of the foregoing,

IT IS ORDERED that the Motion for Summary Judgment [Doc. 20] filed by defendant Key Energy Services, Inc. is DENIED AS PREMATURE. Key Energy may re-urge the motion once discovery addressing the issue of Jones Act seaman status is complete.

THUS DONE AND SIGNED in Lafayette, Louisiana, this ___ day of May, 2010.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

---

[1] This Court notes the current trial date of January 3, 2011 was recently continued; counsel were ordered to contact the Court to set a new trial date. Therefore, the current discovery deadline of May 4, 2010 will be vacated and counsel will obtain a new discovery deadline closer to the new trial date.