UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| JOHN ADAM BILLIOT, JR. | DOCKET NO. 6:09-cv-01023 |
| VERSUS | JUDGE DOHERTY |
| KEY ENERGY SERVICES | MAGISTRATE JUDGE HANNA |

### MEMORANDUM RULING

(Rec. Doc. 117)

Pending before this Court is the plaintiff's motion to strike jury demand (Rec. Doc. 117). The motion is opposed . Oral argument was held on April 27, 2011. Present in court were D. Patrick Daniel, Jr., counsel for the plaintiff, John Adam Billiot, Jr.; and Vanessa W. Anseman, counsel for defendant Key Energy Services LLC, Liberty Mutual Insurance Corporation, Meridian Resource & Exploration LLC, and Alta Mesa Holdings LP. For the following reasons, the motion is GRANTED.

### BACKGROUND PROCEDURAL INFORMATION

In his original complaint against his employer filed in June of 2009, the plaintiff alleged that he was a seaman under the Jones Act and based jurisdiction on the "General Maritime Law and Admiralty Jurisdiction of this Federal Court, 28

U.S.C. § 1333."[1]  He also prayed for trial by jury.[2]  In his First Supplemental and Amending Complaint filed in November 2009, the plaintiff made identical allegations pertaining to jurisdiction and included the same prayer for trial by jury.[3]

The defendant, Key Energy, in its answer to the original and first supplemental and amending complaint filed in December 2009, alleged that the plaintiff was not a seaman under the Jones Act and that jurisdiction did not exist under the general maritime law.[4]  However, Key alleged that jurisdiction did exist based on diversity of citizenship, yet Key did not demand trial by jury.[5]

In January 2010, the plaintiff's current counsel enrolled, and in the Rule 26(f) report filed in February 2010, the plaintiff again asserted that jurisdiction was premised on 28 U.S.C. § 1333 and that the case was designated for trial by jury.[6]  Key once again contended there was no maritime jurisdiction, but there was subject matter jurisdiction based on diversity of citizenship.[7]

---

[1]  Rec. Doc. 1, Art. 1.

[2]  Id., at 6.

[3]  Rec. Doc. 6

[4]  Rec. Doc. 9.

[5]  Id.

[6]  Rec. Doc. 19.

[7]  Id. at 1.

On March 30, 2010, the plaintiff filed his Second Amending and Supplemental Complaint for Damages, in which he amended the jurisdictional allegations to read as follows:

> Plaintiff amends and supplements Paragraph 1. of the Original Complaint to read as follows:
> This claim is brought and arises under 28 USC §1333, the Admiralty and Maritime jurisdiction of this Court, and is designated as such pursuant to Rule 9(h) of the Federal Rules of Civil Procedure. Plaintiff makes claims under 46 U.S.C. §30104, commonly known as the "Jones Act" and the General Maritime Law of the United States of America.

In addition to adding a new defendant, the plaintiff also amended his original complaint, which alleged his entitlement to "worker's compensation and/or maintenance and cure," to allege his entitlement to punitive damages and attorney's fees based on the defendant's failure to pay maintenance and cure.[8] The plaintiff also amended the prayer for relief, which did not include a prayer for trial by jury.[9] In its answer, Key maintained its position that there was no jurisdiction under the general maritime law and that the plaintiff could not proceed under Rule 9(h); however, Key did not ask for trial by jury.[10]

---

[8] Rec. Doc. 35. The court notes the second amending complaint amends Paragraph 14 of the original complaint which is the paragraph that alleges entitlement to trial by jury and that paragraph 13 of the original complaint alleges entitlement to "worker's compensation and/or maintenance and cure." The court cannot simply assume this to be a typographical error.

[9] Id.

[10] Rec. Doc. 41.

On June 9, 2010, the plaintiff filed his third supplemental and amending complaint to correctly name the new defendants, Meridian Resource & Exploration, LLC, Alta Mesa Holdings, LP, and Liberty Mutual Insurance Company as the alleged insurer of the "defendants."[11] The citizenship of the members of the limited liability company and partners in the limited partnership is not set out in the complaint. Although the allegations are somewhat vague as to the non-insurer defendants, it appears that the plaintiff contends that these two entities are also his Jones Act employers.

In its answer, Key admitted that Liberty provided it with insurance, but other than adopting its previous answers/affirmative defenses, Key made no jurisdictional allegations nor did it request trial by jury.[12] In their answer, Meridian and Alta Mesa admitted that they are of foreign registry and that both of their principal places of business are in Texas; however, neither entity set forth the citizenship of its respective members/partners.[13] Both entities contested the plaintiff's status under the Jones Act, but did not contest that jurisdiction existed in this court, and even though there were no jurisdictional allegations made by either entity and the plaintiff had

---

[11] Rec. Doc. 61

[12] Rec. Doc. 63.

[13] Rec. Doc. 68 and 69.

made a 9(h) designation, both entities prayed for trial by jury.[14] For its part, Liberty Mutual adopted all of Key's allegations, answers, and affirmative defenses and made no demand for trial by jury.[15]

In his fourth supplemental and amending complaint filed on December 2, 2010, the plaintiff named two new defendants, whose citizenship is not disclosed, and made no other jurisdictional allegations beyond adopting what had previously been filed.[16]

On March 4, 2011, the plaintiff filed the instant motion, which was opposed by Key, Meridian, Alta Mesa, and Liberty Mutual.[17] Shortly thereafter, a Stipulation of Dismissal, signed by all parties under Fed. R. Civ. P. 41(a)(1)(A)(ii), was approved by the district court, dismissing all claims against the defendants added by the fourth supplemental and amending complaint.[18]

Consequently, the current procedural posture of the case pending before the court is that there is a complaint that has been designated under Rule 9(h) since March 30, 2010 and the plaintiff has never alleged any basis of jurisdiction other than

---

[14] Id.

[15] Rec. Doc. 73.

[16] Rec. Doc. 90.

[17] Rec. Doc. 125. The court notes that the defense of Meridian and Alta Mesa was apparently assumed by Key, as counsel for Key substituted for counsel for Meridian/Alta Mesa who were subsequently terminated. See Rec. Doc. 123.

[18] Rec. Doc. 129-130.

the Jones Act or general maritime law. Key contests the plaintiff's status under the Jones Act as well as the existence of jurisdiction under the general maritime law, and contends that jurisdiction is proper, based on diversity of citizenship. Despite its opposition to the plaintiff's motion, the record reveals that this defendant has never asked for a jury. Liberty Mutual, Key's insurer, despite its opposition to the plaintiff's motion, has likewise never asked for trial by jury. Finally, there are Meridian and Alta Mesa, a limited liability company and a limited partnership, respectively, who both asked for trial by jury when represented by prior counsel, and who contest the plaintiff's status under the Jones Act and/or the existence of any claims under the general maritime law. They do not "contest" that jurisdiction exists in this court, but they do not set forth any jurisdictional facts pertaining to the citizenship of their respective members/partners that would enable this court to determine if diversity jurisdiction exists. Based on a review of the record, the court can find no other basis of subject matter jurisdiction.

In his motion, the plaintiff asks the court to strike "his" jury demand contained in the original complaint as the case was designated under rule 9(h).[19] At oral argument, the plaintiff orally moved to amend the motion in order to strike the jury demand of Meridian and Alta Mesa. In their opposition, the defendants "do not

---

[19] Rec. Doc. 117.

oppose" trying the case to the bench, however, they oppose the motion on the basis that the plaintiff assumes the court has jurisdiction under 28 U.S.C. §1333. They stridently contest the plaintiff's status as a seaman under the Jones Act, and contend that, since the alleged accident occurred on land, and therefore, would not meet the locality test necessary for maritime jurisdiction to otherwise attach, plaintiff is "not entitled to invoke Rule 9(h)."[20] Absent from the opposition is any discussion of what subject matter jurisdiction might otherwise exist for the defendants who did ask for a trial by jury.

## ANALYSIS

The Supreme Court has long recognized that admiralty jurisdiction exists as a basis for a Jones Act seaman to bring a claim against his employer even if the injury did not occur on navigable waters, and the statutory right to a jury trial does not negate that jurisdictional grant. O'Donnell v. Great Lakes Dredge & Dock Co. 318 U.S. 36, 63 S.Ct. 488, 87 L.Ed. 596 (1943).

As the Fifth Circuit pointed out in the case of In re: Dearborn Marine, 499 F.2d 263, 274 (5th Cir. 1974):

Historically maritime jurisdiction has been measured by the locality of

---

[20] Rec. Doc. 125.

the wrong with locality defined as where the 'substance and consummation of the injury' took place. *The Plymouth*, 70 U.S. (3 Wall.) 20, 33, 18 L.Ed 125, 127 (1886). But as the Supreme Court recently noted in *Executive Jet Aviation v. Cleveland*, 409 U.S. 249, 261, 93 S.Ct. 493, 501, 34 L.Ed.2d 454, 463 (1972), increasingly there have been legislative and judicial rejections of strict locality as the sole test of jurisdiction. A seaman, for example, can recover under the Jones Act for injuries suffered in the course of the ship's services, whether on land or sea. In his case 'admiralty jurisdiction over the suit depends not on the place where the injury is inflicted but on the nature of the service and its relationship to the operation of the vessel plying in navigable waters.' *O'Donnell v. Great Lakes Dredge & Dock Co.*, 318 U.S. 36, 42-43, 63 S.Ct. 488, 492, 87 L.Ed. 596, 602 (1963). Accord, *Kelly v. Smith*, 485 F.2d 520 (CA5), cert. denied sub nom. *Chicot Land Co. v. Kelly*, 416 U.S. 969, 94 S.Ct. 1991, 40 L.Ed.2d 558 (1974); *Kimble v. Noble Drilling Corp.*, 416 F.2d 847 (CA5 1969), cert. denied, 397 U.S. 918, 90 S.Ct. 924, 25 L.Ed.2d 99 (1970).[21]

The defendants contend in their dispositive motion that the plaintiff lost his status as a seaman when he was allegedly re-assigned to a land rig.[22] While that may ultimately prove to be accurate, and therefore result in no cause of action against the employer(s), the plaintiff's status is a mixed question of fact and law that does not divest the court of subject matter jurisdiction. In Guidry v. Soloco, 614 F.2d 447, 453 (5th Cir. 1980), the court analyzed a similar factual scenario involving allegations of multiple Jones Act employers in the context of a directed verdict on a claim brought

---

[21] See also Smith v. Pan Air Corp. 684 F.2d 1102, 1107 N. 12 (5th Cir. 1982); Guidry v. Soloco, 614 F.2d 447, 453, (5th Cir. 1980); Koesler v. Harvey Applicators, Inc. 416 F. Supp. 872, 874 (E.D. La 1976); and cases cited therein.

[22] See Rec. Doc. 126.

under the Jones Act on the law side, i.e., in a trial by jury:

> The Act, however, says nothing about the place where the injury occurs. Therefore, once it is established that a worker is a seaman, the Jones Act permits him to recover from his employer even for injuries received while he is on shore. *O'Donnell v. Great Lakes Dredge & Dock Co.*, 318 U.S. 36, 63 S.Ct. 488, 87 L.Ed. 596 (1943); *Vincent v. Harvey Well Service*, 441 F.2d 146 (5th Cir. 1971). Cf. *Aguilar v. Standard Oil Co.*, 318 U.S. 724, 63 S.Ct. 930, 87 L.Ed. 1107 (1943) (maintenance and cure available for seaman's injuries received while on shore leave). Neither does the statute require that his tasks at the time he is injured be related to service of the ship. *Higginbotham v. Mobil Oil Corp.*, 545 F.2d 422 (5th Cir. 1977), rev'd on other grounds, 436 U.S. 618, 98 S.Ct. 2010, 56 L.Ed.2d 581 (1978) (citing *Braen v. Pfeifer Oil Transportation Co.*, 361 U.S. 129, 80 S.Ct. 247, 4 L.Ed.2d 191 (1959)); *Crafton v. Tennessee Valley Sand & Gravel Co.*, 408 F.2d 1096 (5th Cir.), cert. denied, 396 U.S. 827, 90 S.Ct. 73, 24 L.Ed.2d 78 (1969). Thus, just as the place of injury is not decisive, the situs of the employee's work is not determinative in a Jones Act case, and a seaman does not lose his status when he is temporarily assigned by his employer to duties off the vessel. *Higginbotham v. Mobil Oil Corp.*, 545 F.2d 422 (5th Cir. 1977), rev'd on other grounds, 436 U.S. 618, 98 S.Ct. 2010, 56 L.Ed.2d 581 (1978).
>
> \* \* \*
>
> Turning first to the question of the effect of the assignment to work ashore, how long a seaman's status continues after a shoreside assignment is itself a fact question dependent on such factors as the duration of the assignment, its relationship to the employer's business, whether the employee was free to accept or reject it without endangering his employment status and any other factors relevant to the ultimate inquiry: at the moment of injury was the employee a seaman by conventional Jones Act criteria who happened not to be on navigable waters, or was he at that time no longer a seaman whatever his past relationship or his future prospects?

The case was ultimately remanded for the jury to decide the question of seaman status among other things. Thus, the question of whether the plaintiff is entitled to

proceed under Rule 9(h) is distinct from the defendant's position that somehow the court does not have subject matter jurisdiction under 28 U.S.C. §1333. The court does have subject matter jurisdiction, and therefore, since the motion is opposed only on that basis it would be granted. However, the plaintiff's motion was procedurally lacking as filed in that the plaintiff sought to strike his own jury demand contained in the original complaint, as opposed to the jury demand of the two defendants, Meridian and Alta Mesa, who were added after the 9(h) designation. At oral argument, however, the plaintiff amended his motion to include a request that the jury demand of Meridian and Alta Mesa also be stricken. Therefore, the court will construe the motion to include a request to strike the jury demand of Meridian and Alta Mesa.

> Under Rule 9(h):
>
> If a claim for relief is within the admiralty or maritime jurisdiction and also within the court's subject matter jurisdiction on some other ground, the pleading may designate the claim as an admiralty or maritime claim for purposes of Rules 14(c), 38(e) and 82 and the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. A claim cognizable *only* in the admiralty or maritime jurisdiction is an admiralty or maritime claim for those purposes whether or not so designated.[23]

The plaintiff's claims are not cognizable *only* in the admiralty or maritime jurisdiction. Under 46 U.S.C. § 30104, a "seaman may elect to bring a civil action

---

[23] [Emphasis added.]

at law, with the right to trial by jury, against the employer." Even if the seaman joins a maintenance and cure claim under the court's admiralty jurisdiction, with a Jones Act claim in which he asks for a jury trial, i.e.. he proceeds "at law," at his sole election he may also obtain a jury trial on the maintenance and cure claims if they arise out of one set of facts. Fitzgerald v. U.S. Lines Co., 374 U.S. 16, 21 (1963). The seaman may also bring his Jones Act claim against the employer under the court's admiralty jurisdiction and, if such an election is made, the rules of admiralty would foreclose the possibility of a jury trial even if there was another basis of jurisdiction, i.e., diversity, which would otherwise entitle the defendant to trial by jury. Becker v Tidewater, Inc., 405 F.3d 257, 259 (5th Cir. 2005).

Thus, it is the plaintiff who is the master of his complaint, and the "simple statement asserting admiralty or maritime claims" is sufficient to make a Rule 9(h) election. Luera v. M/V Alberta, 635 F.3d 181, 189 (5th Cir. 2011), citing T.N.T. Marine Service, Inc., v Weaver Shipyards & Dry Docks, Inc. 702 F. 2d 585, 587-588 (5th Cir. 1983). Once the election is made, there is no right to a jury trial for the defendant even though diversity jurisdiction may be present. *Id.*

In the original complaint, such a statement was made, although the demand for a trial by jury could also be construed to constitute an election to proceed "at law." However, any doubt as to the election was removed at the time the plaintiff filed his

second supplemental and amending complaint, and it is not lost on this court that no defendant had sought a trial by jury at that point. As the court stated in <u>Luera</u>:

> We have said that 'Rule 9(h) is not a harsh rule,' *T.N.T. Marine* 702 F.2d at 588, and '[t]he pleader's identification of his claim as an admiralty or maritime claim or a failure to do so is not an irrevocable election.' . . .Provided there is no prejudice to the court or to the defendants, a plaintiff should be permitted to amend her complaint to change her Rule 9(h) election. *See Conti v. Sanko S.S. Co., Ltd.*, 912 F.2d 816, 818 (5th Cir. 1990).

Here, there was no prejudice to the two defendants who did request a jury trial as they were not parties until the second amending complaint was filed, i.e., the pleading which named them also made a very explicit 9(h) designation. Therefore, even if diversity jurisdiction exists as to them, and it is not clear to the undersigned that it does, they would not be entitled to a trial by jury. As a consequence, the plaintiff's motion to strike their jury demands is granted. The plaintiff, by amending his complaint, effectively removed his jury demand making the motion to strike his jury demand moot.

Accordingly, given the foregoing,

IT IS ORDERED THAT the plaintiff's motion to strike the jury (Rec. Doc. 117) is hereby GRANTED.

Signed at Lafayette, Louisiana, this 27th day of April 2011.

_____
Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)