RECEIVED
MAY 1 2 2011
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| JOHN ADAM BILLIOT, JR. | CIVIL ACTION NO. 09-1023 |
| VERSUS | JUDGE DOHERTY |
| KEY ENERGY SERVICES | MAGISTRATE JUDGE HANNA |

## MEMORANDUM RULING

Pending before the Court are three motions filed by defendant Key Energy Services, Inc. ("Key Energy"): (1) Motion for Summary Judgment [Doc. 126]; (2) Motion to Strike Affidavits of John Adam Billiot, Jr. and Forrest Greene, and Recorded Statement of Forrest Greene [Doc. 127]; and (3) Motion to Strike Affidavit and Recorded Statement of Tyrone Logan [Doc. 141]. Plaintiff opposes the foregoing motions [Docs. 131 & 132],[1] and Key Energy has filed Motions for Leave to File Reply Memoranda [Docs. 139 & 140], which are herein GRANTED.

In its motion for summary judgment, Key Energy argues "there are no genuine issues of material fact as to whether Plaintiff John Adam Billiot, Jr. was a Jones Act seaman at the time of his alleged injury, and thus judgment should be entered in Key Energy's favor and against Billiot." In support of its motion, the defendant argues and presents evidence showing the plaintiff, who was a marine-based employee of Key Energy at some point prior to his alleged injury, was permanently

---

[1] This Court notes the time within which to oppose Key Energy's motion to strike the affidavit and recorded statement of Tyrone Logan has not yet passed, and plaintiff has not filed a formal opposition to that motion. However, this Court concludes the motion for summary judgment can be denied on the basis of the other evidence presented by the plaintiff, therefore, this Court need not await the filing of a formal opposition brief to Doc. 141 before issuing the instant ruling. To the extent Key Energy wishes to challenge the admissibility of Mr. Logan's affidavit and recorded statement as evidence at trial, it may do so in a properly-filed motion in limine.

reassigned to land-based work approximately three weeks before his accident, and therefore, plaintiff was not a Jones Act seaman at the time of his injury as a matter of law.[2] In response, plaintiff argues at the time of his accident, he was only temporarily assigned to work on Key Energy's land-based rig, and that his transfer from marine-based work to land-based work was not permanent. Plaintiff argues it is company policy that in order for a transfer from the marine-based division to Key Energy to the land-based division to be permanent, such a transfer has to be offered to the marine-based employee, and the marine-based employee must agree to the permanent transfer to land-based work. Plaintiff argues he was neither offered a permanent transfer to land-based work prior to his accident, nor did he accept and consent to a permanent transfer to land-based work. Rather, plaintiff argues his transfer to the land-based division was temporary only and was only effected because the land-based rig needed additional workers at the time of the plaintiff's injury.[3]

In support of his argument, plaintiff presents the deposition testimony of Mark Manuel, HR Manager for Key Energy, who testified as follows:

> Q: You were getting into telling me a little bit about kind of I think the process behind a transfer. Tell me a little bit about how it starts how it occurs, just the overall process that occurs.
>
> A: Well, it's a little different in different cases. As far as Mr. Billiot, he's an hourly production employee, so – a field employee – so the way how that would work is the dispatcher would communicate with the district manager, hey I would like to maybe offer this individual a possible transfer.
>
> I called the individual. The individual said, yes I would like to go to land or wherever, I would like to transfer. And if the person agreed that that's what they wanted to do, then the dispatcher would go back to the manager and say

---

[2] Defendant's evidence includes a document entitled "Position/Location Change," showing plaintiff's "Current Division" was listed as "180," the code designation for marine-based work, and was being transferred to the "New Division" of "190," the code designation for land-based work, effective August 11, 2008. Plaintiff's accident occurred on August 26, 2008.

[3] The parties do not address, and therefore, do not appear to dispute that if the plaintiff was assigned to Key Energy's marine-based division, he would properly be considered a Jones Act seaman.

yes, we want to go ahead and do the transfer, the employee agreed to it, and the process would take place.

You would let the employee know what his title will be and if there's any promotions or pay changes you have to let the employee know everything before anything can be done.

[ ... ]

Q: So, as I understand it, the individual is actually offered the change; is that right?

A: Absolutely.

Q: It's not imperative.

A: No.

Q: It's not mandatory.

A: It's not mandatory.[4]

In addition to the testimony of Mr. Manuel, plaintiff offers his own affidavit in which he states he was permanently assigned as a marine-based employee aboard the vessel "Catfish" prior to his accident, and that his transfer to the land-based rig on which he was injured was only temporary, as follows:

- I was permanently assigned to the rig "The Catfish" [an offshore-based workover barge]

- I was on a temporary work assignment on Rig 11 [a land-based rig] when I was injured.

- I was performing temporary work on Rig 11.

- I worked on Rig 11 due to a shortage of hands on the rig during rigging up.

---

[4] *See* deposition testimony of Mark Manuel, attached as Exhibit 2 to the plaintiff's opposition brief, Doc. 132, at pp. 13-14.

- All my prior work had been on Rig #108, "The Catfish," a workover barge.

- I was permanently assigned to work offshore on "The Catfish."

[ . . . ]

- I was never offered a permanent transfer to Key Energy's Land Division.

- I never accepted a permanent transfer to Key Energy's Land Division.[5]

Key Energy seeks to strike the plaintiff's affidavit, arguing the affidavit should be stricken because it contains "numerous conclusory statements, legal conclusions, opinions, hearsay, and information not based on personal knowledge." This Court notes, however, that to the extent an affidavit contains both admissible and inadmissible portions, a court may consider the admissible portions of the affidavit in determining whether to grant or deny a motion for summary judgment. *See Lee v. National Life Assurance Co.*, 632 F.2d 524 (5th Cir. 1980). While this Court might, perhaps, conclude certain portions of plaintiff's affidavit contain inadmissible evidence, this Court need not make such a determination at this time, because clearly, the affidavit contains relevant and admissible evidence creating a genuine issue of material fact concerning whether the plaintiff was permanently assigned to marine-based work at the time of his injury. Plaintiff's affidavit is duly sworn and signed by a notary, and plaintiff states he has "personal knowledge" of the facts contained therein.[6]

---

[5] *See* Affidavit of John Adam Billiot, Jr., attached as Exhibit 2 to plaintiff's opposition brief, Doc. 132.

[6] The remaining portion of Key Energy's motion to strike seeks to strike the affidavit and recorded statement of an individual identified as Forrest Greene. However, this Court was unable to locate the foregoing affidavit and statement as an attachment to the instant motion for summary judgment. Plaintiff argues Mr. Greene's affidavit and statement were, in fact, attached to an opposition brief to a *previous* motion for summary judgment filed by Key Energy, which was denied as premature [Doc. 48]. Considering that the complained-of affidavit and statement do not appear of record in connection with the instant motion, and that plaintiff does not offer the affidavit and recorded statement of Mr. Greene to defeat the instant motion for summary judgment, Key Energy's motion to strike the affidavit and recorded statement of Forrest Greene is DENIED as MOOT.

It is well-settled that a determination of whether an injured worker is a seaman under the Jones Act is a mixed question of law and fact and it is usually inappropriate to take the question from the jury. However, judgment as a matter of law is mandated where the facts and the law will reasonably support only one conclusion. *See Harbor Tug and Barge Co. v. Papai,* 520 U.S. 548, 554, 117 S.Ct. 1535, 137 L.Ed.2d 800 (1997), *citing Becker v. Tidewater, Inc.*, 335 F.3d 376, 386 (5th Cir. 2003). *See also Pavone v. Mississippi Riverboat Amusement Corp.*, 52 F.3d 560, 565 (5th Cir. 1995) (the determination of seaman states is generally one of fact, however, seaman status may be decided on summary judgment where the evidence does not support a finding, as a matter of law, that the claimant is permanently assigned to a Jones Act vessel."), *citing Gremillion v. Gulf Coast Catering Co.*, 904 F.2d 290, 292 (5th Cir. 1990).

In the instant case, this Court cannot conclude, as a matter of law, that the plaintiff was not a Jones Act seaman. Indeed, the plaintiff argues his assignment to the Key Energy land-based rig three weeks before his accident was temporary only, and he has produced evidence confirming that for an employee to have been permanently re-assigned to the land-based rig, the employee must be offered, and *accept*, such a re-assignment. Plaintiff argues he did not accept a permanent reassignment to Key Energy's land-based rig. The foregoing factual dispute can only be resolved after this Court engages in a credibility determination, which is not appropriate at the summary

---

Key Energy has also filed a motion to strike the testimony and recorded statement of Tyrone Logan, a dispatcher for Key Energy at the time of the plaintiff's accident, on grounds Mr. Logan's affidavit is inadmissible summary judgment evidence as it is unsworn and undated, and the recorded statement is inadmissible summary judgment evidence because it is not in the form of an affidavit and contains hearsay within hearsay. Because this Court concludes the instant motion for summary judgment can be denied on the basis of the other evidence presented by the plaintiff, the motion to strike Mr. Logan's affidavit and record statement is DENIED as MOOT. To the extent Key Energy wishes to challenge the admissibility of the foregoing evidence at trial, it may do so in a properly-filed motion in limine.

judgment stage. *See, e.g., Hunt v. Rapides Healthcare System, L.L.C.*, 277 F.3d 757, 762 (5th Cir. 2001) "In evaluating evidence to determine whether a factual dispute exists, "[c]redibility determinations are not part of the summary judgment analysis.").

Therefore, considering the burden of production associated with summary judgment motions, the legal presumptions which attach to evidence produced by a non-movant, and the prohibition against weighing evidence in this context, this Court concludes the plaintiff has presented sufficient evidence concerning the issue of whether he was a Jones Act seaman at the time of his alleged accident, such that summary judgment should not be granted at this time.

For the foregoing reasons,

IT IS ORDERED that Key Energy's Motion for Summary Judgment [Doc. 126] is DENIED in its entirety.

IT IS FURTHER ORDERED that Key Energy's Motion to Strike Affidavits of John Adam Billiot, Jr., and Forrest Greene, and Recorded Statement of Forrest Greene [Doc. 127], is DENIED on two bases. That portion of the motion seeking to strike the affidavit of plaintiff is DENIED, as Key Energy seeks to deny the entirety of the affidavit and does not show it is entitled to the relief requested. That portion of the motion to strike the affidavit and recorded statement of Forrest Greene is DENIED as MOOT for the reasons stated in footnote 6 of this Ruling.

IT IS FURTHER ORDERED that Key Energy's Motion to Strike Affidavit and Recorded Statement of Tyrone Logan [Doc. 141] is DENIED AS MOOT. To the extent Key Energy wishes

to challenge the admissibility of the foregoing evidence at trial, it may do so in a properly-filed motion in limine.

IT IS FURTHER ORDERED that Key Energy's Motions for Leave to File Reply Memoranda [Docs. 139 & 140] are GRANTED.

THUS DONE AND SIGNED in Lafayette, Louisiana, this __12__ day of May, 2011.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE